**Michael Edward EQUELS,
Plaintiff—Appellant,**

v.

**Edward S. ALAMEIDA, California
Department of Corrections; et
al., Defendants—Appellees.**

No. 05–16300.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Michael Edward Equels, Ione, CA, pro
se.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Michael Edward Equels, a California state prisoner, appeals pro se from the district court's order dismissing, pursuant to 28 U.S.C. § 1915A, his action alleging that the California Department of Corrections' ("CDC") policy governing packages sent to inmates violates the Sherman Antitrust Act and other federal and state statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), we affirm.

The district court properly dismissed Equels' antitrust claims because the CDC is entitled to state action antitrust immunity. *See Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 876 (9th Cir.1987) (holding that state executives and agencies are entitled to immunity for actions taken pursuant to their constitutional or statutory authority). Equels' allegations that the CDC misused its authority do not nullify that immunity. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 402 n. 10 (9th Cir.1991).

The district court also properly concluded that Equels' allegations that the prison package policy deprived him of his constitutional rights were conclusory and based on unreasonable inferences. *See Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Equels' remaining contentions lack merit.

We deny Equels' motion for an interlocutory injunction.

**AFFIRMED.**